WILLIAM H. NASON, Assignee, *vs.* PORTER HOBBS.

York.    Opinion September 13, 1883.

*Insolvency.    Exemptions.    Fraudulent preferences.*

The seizure of a horse on execution prior to the commencement of insolvency proceedings, is not affected by such proceedings.

The property of an insolvent which is exempt, depends upon what property he owned at the time of the commencement of insolvency proceedings. He could not claim as exempt a yoke of oxen which he sold the day before.

A sale of a yoke of oxen was made by an insolvent, who owned no other oxen, the day before the commencement of insolvency proceedings, with a view on the part of vendor and purchaser to give a preference to the latter; *Held,* That the sale was void.

ON REPORT.

Trover by the assignee of Francis Winn, insolvent debtor, to recover the value of a horse and yoke of oxen. The horse was seized on an execution in favor of the defendant, June 1, 1882, and sold by the officer on the execution at public sale to the defendant June 7, 1882. On the 6th of June, 1882, the defendant purchased the oxen of the insolvent, knowing him to be such, for the purpose entertained by both to give him a preference over other creditors. Insolvency proceedings were commenced June 7, 1882.

Other material facts stated in the opinion.

*Copeland and Edgerly*, for the plaintiff.

*Asa Low*, for the defendant.

VIRGIN J.    The proceedings in insolvency were commenced on June 7, 1882, at which date, the property of the insolvent not exempt from attachment and seizure on execution, became vested in the plaintiff as his assignee, stat. 1878, c. 74, § 30. The seizure of the horse on execution having previously taken place was not affected by the insolvent proceedings, *Storer* v.

*Haynes,* 67 Maine, 420, 422. The construction of a similar provision in the U. S. bankrupt statute, by U. S. supreme court is to the same effect. *Wilson* v. *City Bank,* 17 Wall. 473.

What property of the insolvent was exempt? That depends upon what property he owned on June 7, 1882, when proceedings in insolvency were commenced. He could not claim as exempt, property which he did not own that day. He then owned one horse, which his father — residing on the insolvent's farm in the latter's absence from the State, and claiming to act for him — selected as exempt when the other horse was attached. He did not then own the oxen, for he had sold them the day before to the defendant; and he could not legally claim sold oxen as exempt, especially when he still had an exempt horse. R. S., c. 81, § 59, clause 7.

But the case finds that the sale of the oxen was made with a view upon the part of both vendor and purchaser to give a preference to the latter; and hence it was void; and the assignee is expressly authorized to recover their value from the purchaser. Stat. 1878, c. 74, § 48. The value being admitted to have been $175 at the time of commencement of proceedings in insolvency, and the defendant having refused to surrender the oxen on demand made August 30, 1882, the entry must be,

> *Judgment for plaintiff. Damages assessed at $175, and interest from August 30, 1882, to the date of the judgment.*

APPLETON, C. J., WALTON, PETERS, LIBBEY and SYMONDS, JJ., concurred.